UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:_____

ALEJANDRO ORTIZ, VICTOR MORAN,
ELMER PINEDA, and Other
similarly-situated individuals,

        Plaintiff(s),

vs.

HYATT CORPORATION, ZOM OCEAN DRIVE, LTD.,
d/b/a THE VICTOR HOTEL, and GREG WEST, individually,

        Defendants.
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiffs, ALEJANDRO ORTIZ, VICTOR MORAN, ELMER PINEDA, and other similarly-situated individuals, sue the Defendants and allege:

1.    This is an action to recover money damages for unpaid overtime and straight wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.    Plaintiff, ALEJANDRO ORTIZ ("Ortiz"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Ortiz is a covered employee for purposes of the Act.

3.    Plaintiff, VICTOR MORAN ("Moran"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Moran is a covered employee for purposes of the Act.

4.      Plaintiff, ELMER PINEDA ("Pineda"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Pineda is a covered employee for purposes of the Act.

5.      Defendant, HYATT CORPORATION ("Hyatt"), is a Florida Profit corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Hyatt, and at all times material hereto was and is engaged in interstate commerce.  Furthermore, Hyatt is the parent company/owner of the Defendant, ZOM OCEAN DRIVE, LTD., d/b/a The Victor Hotel ("Zom").

6.      Defendants, Zom and GREG WEST ("West") are a Florida Profit corporation and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Zom, and at all times material hereto were and are engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *ORTIZ* AGAINST *HYATT*

7.      Ortiz re-adopts each and every factual allegation as stated in paragraphs 1, 2 and 5 above as if set out in full herein.

8.      This action is brought by Ortiz and those similarly-situated to recover from Hyatt unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Hyatt is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Hyatt operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Hyatt obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Hyatt was at all times material hereto in excess of $500,000 per annum, and/or Ortiz and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10.      By reason of the foregoing, Hyatt is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Ortiz and those similarly-situated was and/or is engaged in interstate commerce for Hyatt.  Hyatt's business activities involve those to which the Fair Labor Standards Act applies.  Hyatt is a hotel and, through its business activity, affects interstate commerce.  Ortiz's work for Hyatt likewise affects interstate commerce.  Ortiz was employed by Hyatt as a maintenance clerk for Hyatt's business.

11.      While employed by Hyatt, Ortiz worked an average of 56 (fifty-six) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Ortiz was employed as maintenance clerk performing the same

or similar duties as that of those other similarly-situated maintenance clerks, who Ortiz observed worked in excess of 40 hours per week without overtime compensation.

12.     Ortiz was paid an average of $8.00 per hour from on or about August 1, 2009 through August 19, 2010 but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Ortiz seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Furthermore, Ortiz was not compensated at all for the last three weeks he worked for Hyatt.

13.     Prior to the completion of discovery and to the best of Ortiz's knowledge, at the time of the filing of this complaint, Ortiz's good faith estimate of unpaid wages are as follows:

**Actual Damages**: $9,984.00 [$12.00 (overtime rate) x 16 hours of overtime x 52 weeks]; plus

$1,536.00 [$320.00 (regular rate for 40 hour work week) + $192.00 (overtime rate for 16 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $11,520.00.

**TOTAL DAMAGES OF $23,040.00** plus reasonable attorneys' fees and costs of suit.

14.     At all times material hereto, Hyatt failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Ortiz and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Hyatt to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former

employees of Hyatt who are and who were subject to the unlawful payroll practices and procedures of Hyatt and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

15.     Hyatt knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Ortiz and those similarly-situated these overtime wages since the commencement of Ortiz's and those similarly-situated employees employment with Hyatt as set forth above, and Ortiz and those similarly-situated are entitled to recover double damages.  Hyatt never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16.     Hyatt willfully and intentionally refused to pay Ortiz overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Ortiz these overtime wages since the commencement of Ortiz's employment with Hyatt as set forth above.

17.     Ortiz has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ortiz and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Ortiz and other similarly-situated and against Hyatt on the basis of Hyatt's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Ortiz actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.      Award Ortiz an equal amount in double damages/liquidated damages; and

D.      Award Ortiz reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.      Ortiz demands a trial by jury.

## JURY DEMAND

Ortiz and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *MORAN* AGAINST *HYATT*

18.      Moran re-adopts each and every factual allegation as stated in paragraphs 1, 3 and 5 above as if set out in full herein.

19.      This action is brought by Moran and those similarly-situated to recover from Hyatt unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.    29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Hyatt is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Hyatt operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and

Hyatt obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Hyatt was at all times material hereto in excess of $500,000 per annum, and/or Moran and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21.     By reason of the foregoing, Hyatt is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Moran and those similarly-situated was and/or is engaged in interstate commerce for Hyatt.  Hyatt's business activities involve those to which the Fair Labor Standards Act applies.  Hyatt is a hotel and, through its business activity, affects interstate commerce.  Moran's work for Hyatt likewise affects interstate commerce.  Moran was employed by Hyatt as a maintenance clerk for Hyatt's business.

22.     While employed by Hyatt, Moran worked an average of 47 (forty-seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Moran was employed as maintenance clerk performing the same or similar duties as that of those other similarly-situated maintenance clerks, who Moran observed work in excess of 40 hours per week without overtime compensation. Furthermore, Moran was never compensated for the last three weeks during which he worked for Hyatt.

23.     Moran was paid an average of $8.00 per hour from on or about March 3, 2006 through August 31, 2010 but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Moran seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Furthermore, Moran was not compensated at all for the last three weeks during which he worked for Hyatt.

24.     Prior to the completion of discovery and to the best of Moran's knowledge, at the time of the filing of this complaint, Moran's good faith estimate of unpaid wages are as follows:

**Actual Damages**: $13,020.00 [$12.00 (overtime rate) x 7 hours of overtime x 155 weeks]; plus

$1,212.00 [$320.00 (regular rate for 40 hour work week) + $84.00 (overtime rate for 7 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $14,232.00; plus

**TOTAL DAMAGES OF $28,464.00** plus reasonable attorneys' fees and costs of suit.

25.     At all times material hereto, Hyatt failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Moran and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Hyatt to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Hyatt who are and who were subject to the unlawful payroll practices and

procedures of Hyatt and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

26.     Hyatt knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Moran and those similarly-situated these overtime wages since the commencement of Moran's and those similarly-situated employees employment with Hyatt as set forth above, and Moran and those similarly-situated are entitled to recover double damages. Hyatt never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

27.     Hyatt willfully and intentionally refused to pay Moran overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Moran these overtime wages since the commencement of Moran's employment with Hyatt as set forth above.

28.     Moran has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Moran and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Moran and other similarly-situated and against Hyatt on the basis of Hyatt's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Moran actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.     Award Moran an equal amount in double damages/liquidated damages; and

D.      Award Moran reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.      Moran demands a trial by jury.

## JURY DEMAND

Moran and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *PINEDA* AGAINST *HYATT*

29.     Pineda re-adopts each and every factual allegation as stated in paragraphs 1, 4 and 5 above as if set out in full herein.

30.     This action is brought by Pineda and those similarly-situated to recover from Hyatt unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.    29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Hyatt is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Hyatt operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Hyatt obtains and solicits funds from non-Florida sources, accepts funds from non-Florida

sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Hyatt was at all times material hereto in excess of $500,000 per annum, and/or Pineda and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

32.    By reason of the foregoing, Hyatt is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Pineda and those similarly-situated was and/or is engaged in interstate commerce for Hyatt.  Hyatt's business activities involve those to which the Fair Labor Standards Act applies.  Hyatt is a hotel and, through its business activity, affects interstate commerce.  Pineda's work for Hyatt likewise affects interstate commerce.  Pineda was employed by Hyatt as a maintenance clerk for Hyatt's business.

33.    While employed by Hyatt, Pineda worked an average of 47 (forty-seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Pineda was employed as maintenance clerk performing the same or similar duties as that of those other similarly-situated maintenance clerks, who Pineda observed work in excess of 40 hours per week without overtime compensation. Furthermore, Pineda was never compensated for the last three weeks during which he worked for the Defendant.

34.    Pineda was paid an average of $8.00 per hour from on or about May 11, 2005 through September 1, 2010 but has never been compensated for straight or overtime wages for

the hours that he worked in excess of 40 hours per week.  Pineda seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Furthermore, Pineda was not compensated at all for the last three weeks during which he worked for the Defendant.

35.     Prior to the completion of discovery and to the best of Pineda's knowledge, at the time of the filing of this complaint, Pineda's good faith estimate of unpaid wages are as follows:

**Actual Damages**: $13,020.00 [$12.00 (overtime rate) x 7 hours of overtime x 155 weeks]; plus

**$1,212.00** [$320.00 (regular rate for 40 hour work week) + $84.00 (overtime rate for 7 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $14,232.00; plus:

**<u>TOTAL DAMAGES OF $28,464.00</u>** plus reasonable attorneys' fees and costs of suit.

36.     At all times material hereto, Hyatt failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Pineda and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Hyatt to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Hyatt who are and who were subject to the unlawful payroll practices and procedures of Hyatt and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

37.     Hyatt knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Pineda and those similarly-situated these overtime wages since the commencement of Pineda's and those similarly-situated employees employment with Hyatt as set forth above, and Pineda and those similarly-situated are entitled to recover double damages. Hyatt never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38.     Hyatt willfully and intentionally refused to pay Pineda overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Pineda these overtime wages since the commencement of Pineda's employment with Hyatt as set forth above.

39.     Pineda has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Pineda and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Pineda and other similarly-situated and against Hyatt on the basis of Hyatt's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Pineda actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.     Award Pineda an equal amount in double damages/liquidated damages; and

D.     Award Pineda reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

F.     Pineda demands a trial by jury.

## JURY DEMAND

Pineda and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT IV: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *ORTIZ* AGAINST *ZOM*

40.     Ortiz re-adopts each and every factual allegation as stated in paragraphs 1, 2, 5 and 6 above as if set out in full herein.

41.     This action is brought by Ortiz and those similarly-situated to recover from Zom unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Zom is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Zom operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Zom obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly

with respect to its employees.  Upon information and belief, the annual gross revenue of Zom was at all times material hereto in excess of $500,000 per annum, and/or Ortiz and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

43.    By reason of the foregoing, Zom is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Ortiz and those similarly-situated was and/or is engaged in interstate commerce for Zom.  Zom's business activities involve those to which the Fair Labor Standards Act applies.  Zom is a hotel and, through its business activity, affects interstate commerce.  Ortiz's work for Zom likewise affects interstate commerce.  Ortiz was employed by Zom as a maintenance clerk for Zom's business.

44.    While employed by Zom, Ortiz worked an average of 56 (fifty-six) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Ortiz was employed as maintenance clerk performing the same or similar duties as that of those other similarly-situated maintenance clerks, who Ortiz observed worked in excess of 40 hours per week without overtime compensation.

45.    Ortiz was paid an average of $8.00 per hour from on or about August 19, 2009 through August 19, 2010 but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Ortiz seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Furthermore, Ortiz was not compensated at all for the last three weeks during which he worked for the Defendant.

46.     Prior to the completion of discovery and to the best of Ortiz's knowledge, at the time of the filing of this complaint, Ortiz's good faith estimate of unpaid wages are as follows:

**Actual Damages**: $9,984.00 [$12.00 (overtime rate) x 16 hours of overtime x 52 weeks]; plus

$1,536.00 [$320.00 (regular rate for 40 hour work week) + $192.00 (overtime rate for 16 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $11,520.00; plus:

**TOTAL DAMAGES OF $23,040.00** plus reasonable attorneys' fees and costs of suit.

47.     At all times material hereto, Zom failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Ortiz and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Zom to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Zom who are and who were subject to the unlawful payroll practices and procedures of Zom and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

48.     Zom knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Ortiz and those similarly-situated these overtime wages since the commencement of Ortiz's and those similarly-situated employees employment with Zom as set forth above, and Ortiz and those similarly-situated are entitled to recover double damages.  Zom never posted any

notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49.    Zom willfully and intentionally refused to pay Ortiz overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Ortiz these overtime wages since the commencement of Ortiz's employment with Zom as set forth above.

50.    Ortiz has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Ortiz and those similarly-situated request that this Honorable Court:

A.    Enter judgment for Ortiz and other similarly-situated and against Zom on the basis of Zom's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.    Award Ortiz actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.    Award Ortiz an equal amount in double damages/liquidated damages; and

D.    Award Ortiz reasonable attorneys' fees and costs of suit; and

E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.    Ortiz demands a trial by jury.

## JURY DEMAND

Ortiz and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT V: WAGE AND HOUR FEDERAL STATUTORY
### VIOLATION BY *ORTIZ* AGAINST *WEST*

51.     Ortiz re-adopts each and every factual allegation as stated in paragraphs 1, 2, 6, and 40-50 above as if set out in full herein.

52.     At the times mentioned, West was, and is now, the Director and/or owner of Zom. West was an employer of Ortiz and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of Zom in relation to the employees of Zom, including Ortiz and others similarly situated.  West had operational control of Zom's business, provided Ortiz with his work schedule, and is jointly liable for Ortiz's damages.

53.     West willfully and intentionally refused to pay Ortiz overtime wages as required by the law of the United States as set forth above and remains owing Ortiz these overtime wages since the commencement of Ortiz's employment with Zom as set forth above.

54.     Ortiz has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Ortiz and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Ortiz and other similarly-situated and against the West on the basis of West's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Ortiz actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.     Award Ortiz an equal amount in double damages/liquidated damages; and

D.     Award Ortiz reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.      Ortiz demands a trial by jury.

## JURY DEMAND

Ortiz and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT VI: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *MORAN* AGAINST *ZOM*

55.      Moran re-adopts each and every factual allegation as stated in paragraphs 1, 3 and 6 above as if set out in full herein.

56.      This action is brought by Moran and those similarly-situated to recover from Zom unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

57.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Zom is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Zom operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Zom obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds

outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Zom was at all times material hereto in excess of $500,000 per annum, and/or Moran and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

58.     By reason of the foregoing, Zom is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Moran and those similarly-situated was and/or is engaged in interstate commerce for Zom.  Zom's business activities involve those to which the Fair Labor Standards Act applies.  Zom is a Hotel and, through its business activity, affects interstate commerce.  Moran's work for Zom likewise affects interstate commerce. Moran was employed by Zom as a maintenance clerk for Zom's business.

59.     While employed by Zom, Moran worked an average of 47 (forty-seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Moran was employed as maintenance clerk performing the same or similar duties as that of those other similarly-situated maintenance clerks, who Moran observed work in excess of 40 hours per week without overtime compensation. Furthermore, Moran was never compensated for the last three weeks during which he worked for Zom.

60.     Moran was paid an average of $8.00 per hour from on or about March 3, 2006 through August 31, 2010 but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Moran seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of

the filing of this complaint. Furthermore, Moran was not compensated at all for the last three weeks during which he worked for Zom.

61.     Prior to the completion of discovery and to the best of Moran's knowledge, at the time of the filing of this complaint, Moran's good faith estimate of unpaid wages is as follows:

**Actual Damages**: $13,020.00 [$12.00 (overtime rate) x 7 hours of overtime x 155 weeks]; plus

$1,212.00 [$320.00 (regular rate for 40 hour work week) + $84.00 (overtime rate for 7 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $14,232.00; plus:

**TOTAL DAMAGES OF $28,464.00** plus reasonable attorneys' fees and costs of suit.

62.     At all times material hereto, Zom failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Moran and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Zom to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Zom who are and who were subject to the unlawful payroll practices and procedures of Zom and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

63.     Zom knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Moran and those similarly-situated these overtime wages since the

commencement of Moran's and those similarly-situated employees employment with Zom as set forth above, and Moran and those similarly-situated are entitled to recover double damages. Zom never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

64.     Zom willfully and intentionally refused to pay Moran overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Moran these overtime wages since the commencement of Moran's employment with Zom as set forth above.

65.     Moran has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Moran and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Moran and other similarly-situated and against Zom on the basis of Zom's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Moran actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.     Award Moran an equal amount in double damages/liquidated damages; and

D.     Award Moran reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.     Moran demands a trial by jury.

## JURY DEMAND

Moran and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT VII: WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY *MORAN* AGAINST *WEST*

66.     Moran re-adopts each and every factual allegation as stated in paragraphs 1, 3, 6, and 55-65 above as if set out in full herein.

67.     At the times mentioned, West was, and is now, the Director and/or owner of Zom. West was an employer of Moran and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of Zom in relation to the employees of Zom, including Moran and others similarly situated.  West had operational control of Zom's business, provided Moran with his work schedule, and is jointly liable for Moran's damages.

68.     West willfully and intentionally refused to pay Moran overtime wages as required by the law of the United States as set forth above and remains owing Moran these overtime wages since the commencement of Moran's employment with Zom as set forth above.

69.     Moran has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Moran and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Moran and other similarly-situated and against the West on the basis of West's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Moran actual damages in the amount shown to be due for unpaid wages

and overtime compensation for hours worked in excess of forty weekly, with interest; and

    C.    Award Moran an equal amount in double damages/liquidated damages; and

    D.    Award Moran reasonable attorneys' fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

    F.    Moran demands a trial by jury.

## JURY DEMAND

Moran and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT VIII: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *PINEDA* AGAINST *ZOM*

70.    Pineda re-adopts each and every factual allegation as stated in paragraphs 1, 4 and 6 above as if set out in full herein.

71.    This action is brought by Pineda and those similarly-situated to recover from Zom unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

72.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Zom is and, at all times pertinent to this complaint, was engaged in interstate commerce.  At all times pertinent to this complaint, Zom operates as an organization which sells

and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Zom obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Zom was at all times material hereto in excess of $500,000 per annum, and/or Pineda and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

73.     By reason of the foregoing, Zom is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Pineda and those similarly-situated was and/or is engaged in interstate commerce for Zom. Zom's business activities involve those to which the Fair Labor Standards Act applies. Zom is a landscaping company and, through its business activity, affects interstate commerce. Pineda's work for Zom likewise affects interstate commerce. Pineda was employed by Zom as a maintenance clerk for Zom's business.

74.     While employed by Zom, Pineda worked an average of 47 (forty-seven) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Pineda was employed as maintenance clerk performing the same or similar duties as that of those other similarly-situated maintenance clerks, who Pineda observed work in excess of 40 hours per week without overtime compensation. Furthermore,

Pineda was never compensated for the last three weeks during which he worked for the Defendant.

75.     Pineda was paid an average of $8.00 per hour from on or about May 11, 2005 through September 1, 2010 but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week.  Pineda seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Furthermore, Pineda was not compensated at all for the last three weeks during which he worked for the Defendant.

76.     Prior to the completion of discovery and to the best of Pineda's knowledge, at the time of the filing of this complaint, Pineda's good faith estimate of unpaid wages is as follows:

**Actual Damages**: $13,020.00 [$12.00 (overtime rate) x 7 hours of overtime x 155 weeks]; plus

$1,212.00 [$320.00 (regular rate for 40 hour work week) + $84.00 (overtime rate for 7 hours of overtime per week) x 3 weeks]

**Liquidated Damages**: representing an equal amount in double damages/liquidated damages of $14,232.00; plus

**TOTAL DAMAGES OF $28,464.00** plus reasonable attorneys' fees and costs of suit.

77.     At all times material hereto, Zom failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Pineda and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Zom to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former

employees of Zom who are and who were subject to the unlawful payroll practices and procedures of Zom and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

78.     Zom knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Pineda and those similarly-situated these overtime wages since the commencement of Pineda's and those similarly-situated employees employment with Zom as set forth above, and Pineda and those similarly-situated are entitled to recover double damages. Zom never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

79.     Zom willfully and intentionally refused to pay Pineda overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Pineda these overtime wages since the commencement of Pineda's employment with Zom as set forth above.

80.     Pineda has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Pineda and those similarly-situated request that this Honorable Court:

A.      Enter judgment for Pineda and other similarly-situated and against Zom on the basis of Zom's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.      Award Pineda actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.      Award Pineda an equal amount in double damages/liquidated damages; and

D.      Award Pineda reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.      Pineda demands a trial by jury.

## JURY DEMAND

Pineda and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT IX: WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY *PINEDA* AGAINST *WEST*

81.     Pineda re-adopts each and every factual allegation as stated in paragraphs 1, 4, 6, and 70-80 above as if set out in full herein.

82.     At the times mentioned, West was, and is now, the Director and/or owner of Zom. West was an employer of Pineda and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of Zom in relation to the employees of Zom, including Pineda and others similarly situated.  West had operational control of Zom's business, provided Pineda with his work schedule, and is jointly liable for Pineda's damages.

83.     West willfully and intentionally refused to pay Pineda overtime wages as required by the law of the United States as set forth above and remains owing Pineda these overtime wages since the commencement of Pineda's employment with Zom as set forth above.

84.     Pineda has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Pineda and those similarly-situated request that this Honorable Court:

A.      Enter judgment for Pineda and other similarly-situated and against the West on the basis of West's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.      Award Pineda actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.      Award Pineda an equal amount in double damages/liquidated damages; and

D.      Award Pineda reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.      Pineda demands a trial by jury.

## JURY DEMAND

Pineda and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT X: RETALIATORY DISCHARGE UNDER THE FLSA BY ORTIZ AGAINST ALL DEFENDANTS

85.     Ortiz re-adopts each and every factual allegation as stated in paragraphs 1, 2, and 5-9, above as if set out in full herein.

86.     The Defendants terminated Ortiz when he complained that he was not being paid properly under the Fair Labor Standards Act.

87.     Section 215(a)(3) of the Fair Labor Standards Act provides that it shall be unlawful for any person

> "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act generally; for full classification, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee".

88.     Ortiz' termination was unlawful because but for his complaints about not being paid properly for all hours worked in excess of 40, he would not have been terminated.

**WHEREFORE**, Plaintiff requests:

a.     Compensation for lost wages, benefits, and other remuneration;

b.     Assessment of reasonable costs and attorney's fees of this action;

c.     A trial by jury; and

d.     Any other compensatory damages allowable at law

## COUNT XI: RETALIATORY DISCHARGE UNDER THE FLSA BY MORAN AGAINST ALL DEFENDANTS

89.     Moran re-adopts each and every factual allegation as stated in paragraphs 1, 3, and 5-9, above as if set out in full herein.

90.     The Defendants terminated Moran when he complained that he was not being paid properly under the Fair Labor Standards Act.

91.     Section 215(a)(3) of the Fair Labor Standards Act provides that it shall be unlawful for any person

> "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act generally; for full classification, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee".

92.     Moran's termination was unlawful because but for his complaints about not being paid properly for all hours worked in excess of 40, he would not have been terminated.

**WHEREFORE**, Plaintiff requests:

     a.   Compensation for lost wages, benefits, and other remuneration;

     b.   Assessment of reasonable costs and attorney's fees of this action;

     c.   A trial by jury; and

     d.   Any other compensatory damages allowable at law

## COUNT XII: RETALIATORY DISCHARGE UNDER
## THE FLSA BY PINEDA AGAINST ALL DEFENDANTS

93.     Pineda re-adopts each and every factual allegation as stated in paragraphs 1, 4, and 5-9, above as if set out in full herein.

94.     The Defendants terminated Pineda when he complained that he was not being paid properly under the Fair Labor Standards Act.

95.     Section 215(a)(3) of the Fair Labor Standards Act provides that it shall be unlawful for any person

> "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act generally; for full classification, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee".

96.     Pineda's termination was unlawful because but for his complaints about not being paid properly for all hours worked in excess of 40, he would not have been terminated.

**WHEREFORE**, Plaintiff requests:

     a.   Compensation for lost wages, benefits, and other remuneration;

     b.   Assessment of reasonable costs and attorney's fees of this action;

c.      A trial by jury; and

d.      Any other compensatory damages allowable at law

Dated: March 14, 2011.

Respectfully submitted,

THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Tel.  (305) 503.5131
Fax: (305) 652.5859

By: ____s/ R. Martin Saenz_____
R. Martin Saenz, Esq.
msaenz@saenzlawfirm.com
Florida Bar Number: 0640166